**UNITED STATES of America,**
**Appellant,**

v.

**Fernando RAMOS–FERNANDEZ,**
**Defendant–Appellee.**

**No. 02–1033.**

United States Court of Appeals,
Second Circuit.

Oct. 4, 2002.

Elizabeth S. Riker, Assistant U.S. Attorney for the Northern District of New York, Joseph A. Pavone, Ed. J. Thompson, of counsel, Syracuse, NY, for Appellant.

David G. Secular, Assistant Federal Public Defender, Alexander Bunin, of counsel, Syracuse, NY, for Appellee.

Present MESKILL and SACK, Circuit Judges, and MURTHA,\* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Fernando Ramos–Fernandez was convicted of an aggravated felony, incarcerated, let out on parole, and deported from the United States. State police stopped him in Queens, New York, for driving without headlights, identified him, and notified the New York State Division of Parole. The Division held him at Rikers Island Correctional Facility in Queens, New York, to await a parole violation hearing. A parole officer contacted INS and informed an INS officer of defendant's presence in Riker's Island. The INS officer then verified that Ramos–Fernandez had been deported and had not received permission to reenter. After the hearing, Ramos–Fernandez was sentenced for violating his parole by returning to the country, and then transferred to the Oneida Correctional Facility in Rome, New York. There he was interviewed by an INS agent who determined that defendant had illegally reentered the country without permission in violation of 8 U.S.C. § 1326.

The government initiated proceedings against Ramos–Fernandez in the Northern District of New York and defendant was indicted for unlawfully reentering the country and being "found in the United States" at Rome, New York, in violation of 8 U.S.C. § 1326. The district court (Norman A. Mordue, *Judge*) granted defendant's motion to dismiss for lack of venue, concluding that, for purposes of the statute, Ramos–Fernandez was "found" in Queens, New York, when the Parole Division notified INS, and that venue properly lay in the Eastern District of New York. The government now appeals that decision.

8 U.S.C. § 1326 imposes a fine or imprisonment on an alien who has been "deported ... and thereafter ... enters, attempts to enter, or is at any time found in, the United States, unless ... the Attorney General has expressly consented to such alien's reapplying for admission." 8 U.S.C. § 1326(a). Such an alien is "found" when "the authorities both discover the illegal alien in the United States ... and know ... the illegality of his presence...." *United States v. Rivera–Ventura*, 72 F.3d 277, 282 (2d Cir.1995) (citations omitted). We conclude that INS discovered Ramos–Fernandez in the United States

\* Of the United States District Court for the District of Vermont, sitting by designation.

**342**

when the parole officer notified the INS officer of defendant's presence in Riker's Island and knew the illegality of his presence when the INS officer personally verified that Ramos–Fernandez had been deported and had not received permission to reenter. This interaction occurred while defendant was being held in Queens, New York, and therefore the district court correctly held that venue lay in the Eastern District of New York.

The government argues that an alien cannot be found in the United States until INS has initiated and conducted its own investigation. The cases cited by the government support only the narrow proposition, inapposite to the instant case, that when state investigators do not notify INS as to a suspect's presence, INS is not said to have "found" the suspect. *United States v. Los Santos*, 283 F.3d 422, 427 (2d Cir.2002); *United States v. Mercedes*, 287 F.3d 47, 55 (2d Cir.2002). In contrast, in the instant case a state parole officer notified an INS officer as to Ramos–Fernandez's presence, and the INS officer personally verified that Ramos–Fernandez had been deported and had not received permission to reenter.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.